Filed 2/28/22  P. v. Medina CA2/5

Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B304477 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA118471) |
| v. | |
| ENRIQUE DURAN MEDINA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed in part, reversed and remanded with direction.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Enrique Medina appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170.95. Due to an intervening change in the law, the Attorney General agrees the denial must be reversed as to the attempted murder count and the matter remanded. We agree.

**FACTUAL AND PROCEDURAL BACKGROUND**

*1.*    *The Underlying Crime, Conviction and Appeal*

Defendant was convicted of first degree murder and attempted premeditated murder for his part in a gang-related drive-by shooting. The two victims, Robert Velasquez and Ruth Rodriguez, were sitting on a wall in front of Rodriguez's home. An SUV with three men in the vehicle stopped in front of the victims. The front passenger pointed a gun out the window and opened fire. Rodriguez took cover behind the wall and Velasquez attempted to flee. Velasquez was killed; Rodriguez was not.

Defendant and two codefendants were charged with the crimes, and with firearm and gang enhancements. The jury was instructed on the natural and probable consequences doctrine only with respect to *attempted* murder; that is, the jury could determine the attempted murder of Rodriguez was a natural and probable consequence of the intentional murder of Velasquez.

The jury convicted all three defendants of murder and attempted murder and found the gang enhancement true.

2

However, the jury found the personal use firearm allegations against defendant not true.[1]  Defendant was sentenced to prison for 25 years to life for the murder with a consecutive term of 15 years to life for the attempted murder.

On appeal, defendant's conviction was affirmed, with minor modifications to his sentence not relevant to this appeal.  (*People v. Medina* (Feb. 5, 2015, B249059) [nonpub. opn.].)

## 2.     *Defendant's Section 1170.95 Petition*

On April 2, 2019, defendant filed a form petition for resentencing under section 1170.95, which allows defendants convicted of murder under the felony-murder rule or natural and probable consequences doctrine to seek resentencing under certain circumstances.  The petition was filed by the counsel who had represented defendant at trial.

The court appointed defendant's trial attorney to represent him and ordered the prosecution to file a response.

In its response, the prosecutor argued defendant was not eligible for relief because he was convicted of murder on the basis of direct aiding and abetting; the jury was not instructed on felony murder or natural and probable consequences with respect to murder.  Although the response did not expressly argue that

---

[1]     The jury found true the allegations against defendant's codefendants that a principal was armed.  It is not clear whom the jury believed to have been the shooter.

3

the statute did not apply to attempted murder, the District Attorney did argue that relief was available only for convictions of murder.

The court held a short hearing on the petition, in which the following colloquy occurred:

"The Court: The court has read the materials. Based on the total circumstances, the court does not believe Mr. Medina is eligible for relief.

"[Defense counsel]: Correct, Your Honor. I think the only time that a natural and probable consequences was used was for the attempt murder, and at this point the Legislature is not allowing that –

"The Court: Correct.

"[Defense counsel]: -- attempt murder to be used.

"The Court: That's correct. That's outside the gamut of the statute."

The court denied the petition. Defendant filed a timely notice of appeal.

## 3.    *Appeal, Review and Transfer*

On appeal, we affirmed, concluding, as did the trial court, that section 1170.95 applies only to murder, not attempted murder. (*People v. Medina* (Dec. 14, 2020, B304477) [nonpub. opn.].) Defendant sought Supreme Court review. On December 29, 2021, the Supreme Court granted review, and

4

transferred the matter back to this court with directions to vacate our decision and reconsider the matter in light of the Senate Bill No. 775 (Stats. 2021, ch. 551) amendments to section 1170.95. We vacated the decision and the parties submitted supplemental briefing.

## *DISCUSSION*

In his initial briefing in this court, defendant acknowledged that he was convicted of murder on a theory of direct aiding and abetting, and that, therefore, section 1170.95 does not apply to that conviction; he has not changed his position in that respect. However, he argued then and now that section 1170.95 relief applies to convictions for attempted murder. In light of Senate Bill No. 775, the Attorney General concedes the point, and we agree.[2] (*People v. Porter* (2022) 75 Cal.App.5th 644, ___ [288 Cal.Rptr.3d 668, 670; *People v. Montes* (2021) 71 Cal.App.5th 1001, 1006.) Remand is therefore necessary for the trial court to address further only the attempted murder count.

## *DISPOSITION*

The order denying defendant's section 1170.95 petition as to the murder count is affirmed. The order denying the petition as to the attempted murder count is reversed, and the matter is

---

[2] Section 1170.95, subdivision (a) as amended, now provides that a petition for resentencing may be filed by "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . ."

remanded with directions to proceed in a manner consistent with the pertinent provisions of section 1170.95 as to the attempted murder count only.

RUBIN, P. J.

WE CONCUR:

BAKER, J.

MOOR J.

6